FILED'10 NOV 1 10:51 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS LOCK,

        Plaintiff,

   vs.

J.P. MORGAN CHASE BANK, DOES 1 TO 5,

        Defendants.

Civil No. 10-6207-AA
OPINION AND ORDER

---

Dennis Lock
450 Highway 99 N
Eugene, Oregon 97402
    Plaintiff appearing Pro Se

Pilar C. French
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158

AIKEN, Chief Judge:

    Defendant J.P. Morgan Chase Bank filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) asserting this court lacks subject matter jurisdiction; and plaintiff has failed to state a

Page 1 - OPINION AND ORDER

claim upon which relief can be granted. Defendant's motion is granted and this case is dismissed with prejudice.

## BACKGROUND

Plaintiff has sued defendant for violation of Oregon's Unlawful Trade Practices Act ("UTPA"), Or. Rev. Stat. 646.605 et seq. alleging that defendant improperly charged overdraft fees to plaintiff's account in December 2009 and January 2010 after he became overdrawn.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). The complaint must allege, however, "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

The lawsuit at bar is redundant of a previously filed lawsuit by plaintiff against this defendant in this court. See Lock v. J.P. Morgan-Chase Bank, CV 10-6097-HO ("Lock I"). On

June 10, 2010, the court issue an order sua sponte dismissing plaintiff's complaint without prejudice and with leave to amend for failure to state a claim. Prior to dismissing the complaint, the court provided plaintiff with a comprehensive statement of reasons as to why the complaint was deficient. Specifically, the court found that the complaint failed to comply with Fed. R. Civ. P. 8 and include sufficient facts to establish jurisdiction. The court noted that, "Plaintiff refers to banking practices that he finds objectionable but has failed to allege any specific facts that would satisfy the case or controversy requirement of the Constitution." Opinion, p. 4. Plaintiff failed to amend his complaint within thirty days as instructed, resulting in dismissal of Lock I without prejudice. Id. at p. 6-7.

Approximately, one month later, plaintiff filed the lawsuit at bar. On August 2, 2010, plaintiff amended his complaint to include the following allegation: "This court has jurisdiction because banks involved are in several states and the result will affect banks in all states." Plaintiff's First Amended Complaint, ¶ 1. Plaintiff also amended to include allegations against a company unrelated to defendant Chase called "Greendot" and a section called "POINTS," which appear to be excerpts from the UTPA. Id. at ¶¶ 4-5.

Plaintiff's First Amended Complaint is dismissed. Despite plaintiff's amendments, he has failed to cure the deficiencies

Page 3 - OPINION AND ORDER

previously identified by the court in <u>Lock I</u>. Plaintiff continues to generally identify banking practices that he dislikes without any factual explanation or support as to why those practices allegedly violate the UTPA. Even assuming, however, that plaintiff amends to cure that deficiency, plaintiff nonetheless would still fail to state a cognizable claim for relief. Plaintiff complains about overdraft charges allegedly occurring in December 2008 and January 2009. The UTPA for the relevant time period does not apply to extensions of credit, including those designed to cover overdrafts. Further, plaintiff's conclusory allegations fail to establish how defendant's alleged overdraft fees constitute an unlawful trade practice.

Moreover, plaintiff's sole jurisdictional contention is that "[t]his court has jurisdiction because banks involved are in several states and the results will affect banks in all states[.]" Amended Complaint, ¶ 1. This allegation fails to establish subject matter jurisdiction in this court. Plaintiff fails to identify any federal law in order to establish federal question jurisdiction; nor has plaintiff identified either party's state of domicile in order to establish diversity jurisdiction. <u>See</u> 28 U.S.C. §§ 1331, 1332.

## CONCLUSION

Defendant's motion to dismiss (doc. 9) is granted. This

Page 4 - OPINION AND ORDER

case is dismissed with prejudice and all pending motions are denied as moot. Defendant's request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 21st day of October 2010.

_____
Ann Aiken
United States District Judge